Peter C. Satmary et al. *v.* William Pollitt et al.

House, C. J., Ryan, Shapiro, Loiselle and FitzGerald, Js.

Argued March 9—decided March 24, 1972

*Alexander W. Samor,* for the appellants (plaintiffs).

*Irwin M. Hausman,* for the appellee (defendant Michael Barbieri).

Per Curiam. This case well illustrates the hazards of proceeding in the trial court when the rules of practice are not followed. To a zoning appeal returned the fourth Tuesday of November, 1970, the defendant Michael Barbieri on January 8, 1971, well beyond the time prescribed by § 76 of the Practice Book as amended, filed a plea in abatement. On March 11, 1971, the plaintiffs belatedly filed a motion to expunge the plea in abatement. The judgment discloses that when the matter was reached for hearing on the motion to expunge the court did

not decide the merits of that motion but "found that the best interests of the Court and the parties would be served by determining the issue raised by the defendant Michael Barbieri's plea in abatement." Despite the fact that the issues on the plea in abatement had not been closed and no responsive plead-ing had been filed as provided by § 95 of the Prac-tice Book, the court nevertheless found the issue for the defendant . . . and that said defendant's plea in abatement is sufficient." The judgment directed that the plaintiffs' writ be dismissed, and from this judgment the plaintiffs have appealed.

There is obvious error, the judgment is set aside and the case is remanded to the Court of ' Common Pleas to be proceeded with in accordance with the established rules of practice and procedure.